UTICA,
August, 1823.

SCOTT
v.
RUSHMAN.

A justice's return to a writ of certiorari, need not be under seal.

His court is not of record.

An action for a false return will lie, though the return is not sealed.

It is enough, that it is under the hand of the justice.

## SCOTT *against* RUSHMAN.

CERTIORARI to a Justice's Court. The Justice had made a return, but had affixed no seal to it. The defendant's attorney entered the usual rule to assign errors, and proceeded to take a default for not complying with it ; and, upon this ground, it was now moved to set aside the default as irregular.

*Curia.* There is no necessity for a seal to the return. The Justice is equally liable for a false return, as if a seal had been affixed. His Court is not of record ;(a) and a return under his hand is sufficient. The statute does not require a seal, and we can see no reason why one should be affixed.(b)

Motion denied.

(a) Vid. *Stewart* v. *M'Guin, ante* 99.

(b) There is certainly no reported case which determines that the seal of a single Justice is necessary upon his return to a certiorari. It is said in *Williams*' Justice, *Certiorari* viii. "There can be no doubt but that a return by individual Justices should be under hand and seal." So far as a seal is concerned, this has been said, in several books, of all returns to writs of certiorari, whether directed to inferiour courts, or single magistrates. The saying, in relation to the latter, is probably founded on 2 *Hawk. ch.* 27, *s.* 65. And there are several old cases, which look like requiring a seal by inferiour courts, (*vid. Cro. Eliz.* 821. 1 *Leon.* 311. 1 *Lev.* 311,) upon the authority of which, writers have proceeded. (*Vid. Burns, J. Certiorari* iv. *Bac. Ab. Certiorari,* (H.) Yet *Hawkins* seems to be overruled, even in *England*, as to the inferiour courts, and after admitting this, as Mr. *Williams* does, it is difficult to conceive on what ground the necessity of a seal for the single magistrate, can, in any case, be longer maintained. If, as is probable, the idea of a seal has arisen from the analogy between a court and corporation, the reason for requiring one to represent a court composed by a collective body of magistrates, would seem to be much stronger, than where a *single man* is called upon to return. I appeal to the experience of the profession, that a Sheriff's return to his process, is ordinarily, not under seal ; and it seems by the following case, that his return to a writ of in-

quiry, or the return of a Coroners' inquest, need not be sealed : and *Caldecot's* marginal note is general, that " a return to a certiorari need not be under seal."

REX v. PICKERSGILL *et al. (Cald. Cas.* 297 )

DAVENPORT, moved for a rule to shew cause, why the return to a certiorari, to remove an indictment of the defendants', at the quarter sessions of the county of *Middlesex*, for a fraud and conspiracy, should not be quashed. The form in which the writ ran was, " To our Justices of Oyer and Termi" ner, &c. That you, or one of you, send, *under your seals*, or *the seals of* " *one of you*," &c. And now he contended, that the return, not having been made in compliance with the exigency of the writ, *as not being under seal*, could not be supported.

*Morgan*, opposed this application ; and insisted that it was not necessary, and was not usual in writs of inquiry, *where it is so directed ;* and he appealed, for this fact, to the Under Sheriff of the city of *London*, then in Court, who confirmed him.

BULLER, J. It has been usual not to return Coroner's inquests under seal.

*Davenport*, after some consideration, withdrew his motion.

Mr. *Caldecot* adds the following

NOTE. In the case of *The King* v. *Atkinson*, Esq. *May* 10, 1785, this (i. e. the want of a seal upon the return to a writ of certiorari,) was one of the errors assigned in the House of Lords ; but was abandoned upon the argument.