UTICA,
Aug. 1828.

Barheydt
*ads.*
Adams.

---

BARHEYDT, impleaded, &c. *ads.* ADAMS.

MOTION to set aside a rule vacating a judgment and all subsequent proceedings. The defendant is sued on a bond given by his ancestor, to which he pleads a former recovery for the same cause in October term, 1816 : the plaintiff replies a vacatur of that judgment ; to set aside which this motion is made.

It appears from the papers produced on this motion, that in October term, 1816, the plaintiff entered a judgment by default against the defendant and three others, sued as the devisees of J. J. Barheydt. That the defendant had not been arrested in that action, although judgment was entered against him. At the February term, in 1827, an order was granted by this court, on a motion taken by default vacating that judgment ; personal notice not having been given to the defendants, but having been affixed in the clerk's office. The present suit was then commenced against the defendant in which the above pleadings were had. The record of vacatur was not filed until the 12th May, 1828.

A judgment of more than five years standing cannot be vacated by the plaintiff. After judgment, notice served in the clerk's office is irregular. A party in interest, tho' not a party to the record, may question the regularity of the proceedings in a suit.

*J. V. Henry*, for defendant.

*A. C. Paige*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. The proceedings in relation to the vacatur of the judgment of 1816, were wholly irregular. The defendants in the original suit were entitled to personal notice of the application to vacate the judgment. Service of notice in the clerk's office, of proceedings after judgment, cannot be considered as due notice to a party. The defendant now before the court was also entitled to notice; for, although he could not be directly affected by the enforcement of that judgment, inasmuch as he had not been arrested, and therefore might be said not to be a party to the record, still he is a party in interest, and is entitled to be heard. Besides, the plaintiff having waited more than *five* years to apply for a vacatur of his judgment, was not entitled to make that motion. The rights and responsibilities of the defendants had become irreversibly fixed, as a writ of error could not be brought. The defendant now before the court has, therefore, an interest in maintaining that judgment. The motion is granted, with costs.