Soulden
v.
Cook.

---

SOULDEN and SMITH *vs.* COOK.

After a lapse of *ten years,* a judgment will not be set aside for irregularity or on the merits, where the defendant was duly arrested, and there is no complaint of fraud or circumvention.

MOTION to set aside proceedings. The defendant was served with a capias returnable in August term, 1818. He retained an attorney to defend, who gave notice of appearance in a suit coupling with the plaintiffs, in this cause four other persons as plaintiffs, which notice was disregarded by the plaintiffs' attorney, and a judgment entered by default on the 9th May, 1820, for $418,33. In September last, the defendant was served with a *scire facias* to revive the judg-

NEW-YORK,
May, 1830.

Soulden
v.
Cook.

ment. He excuses his *laches* for not applying at the October and January terms, and now applies to set aside the judgment which has been entered in the *scire facias* suit, and the judgment in the original suit. The latter judgment he moves to set aside for *irregularity*, because the declaration in that suit is capped of May term, 1818, the memorandum in the judgment roll is of January term, 1818, and the common bail piece is of May term, 1820, whereas the capias was returnable in August term, 1818. He further shews, that in August, 1820, his attorney informed him that he had non-prossed the plaintiffs, and that since that period until the service of the *scire facias*, he heard nothing of the suit against him. He also swears to a defence on the merits.

*J. A. Spencer*, for the defendant.

*H. Van Schaack*, for the plaintiff.

*By the Court*, SUTHERLAND, J. We would not refuse to set aside the judgment in the *scire facias* suit upon terms, could we also let the defendant in to defend in the original suit but that we cannot do. After a lapse of now full *ten years*, to set aside a judgment for irregularity, on the grounds relied on in this case, would be an extraordinary and unprecedented exercise of the powers of the court. Had the defendant not been arrested, or had he after his arrest been misled by any fraud or circumvention of the plaintiffs, and induced to believe that the suit was withdrawn or discontinued, we might have permitted him to come in and defend ; but there is no imputation against the plaintiffs for having lulled the defendant into security, other than the omission to proceed on the judgment, of which the defendant has no right to complain. The plaintiffs commenced their suit, and the defendants retained an attorney to defend, who gave notice in a cause wrongly entitled. Strictly the plaintiffs were not bound to regard such notice ; and although we would have relieved the defendant on this ground, had he made application within a reasonable time, we cannot do so after a lapse of ten years. The defendant having non-prossed the plaintiffs in the cause in which he gave notice, furnishes no ground for relief ; it was but the consummation of his own error, and even the acquiescence of the plaintiffs in that cause, of

whom the plaintiffs in this cause were a part, in the judgment obtained against them, by submitting to the enforcement of it, is not shewn, for aught that appears, the plaintiffs in this cause are totally ignorant that such judgment has ever been obtained. It may be very injurious to the defendant that he cannot be relieved, but the blame rests with himself. There must be some limitation to applications of this nature, and the length of time which has elapsed in this case must estop the defendant. For the most manifest error apparent on the record, the defendant could not be relieved by writ of error, the time for bringing such writ having expired; and if for error apparent on the record, he is remediless: he cannot expect to have a judgment set aside for a less cogent cause. The motion is denied with costs.