## RITCHIE and others *vs.* PUTNAM.

Where *alienage* is interposed to a recovery in ejectment, the production of the *record of naturalization* of the party is a sufficient answer, without showing a compliance with all the preliminary requisites to the naturalization; the judgment of the court admitting the alien to become a citizen is conclusive evidence upon that point.

Record evidence of a fact imperfectly proved at the trial, may be exhibited at bar, in opposition to a motion for a new trial.

Where a widow, in the assignment of a lease, professe to act as the *administratrix* of the estate of her husband, she will not be considered as having performed the act as *guardian in socage* to her children.

A widow, *before* her dower is assigned to her, cannot convey an interest in the land whereof her husband died seized.

A *re-entry* by the landlord of demised premises will not be presumed, when by his own showing it is manifest that he did not enter in such right.

THIS was an action of ejectment, tried at the Saratoga circuit in May, 1832, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiffs produced in evidence a *lease in fee*, of the premises in question, bearing date 9th March, 1812, from Gideon Putnam to their father, John Ritchie, and proved that the premises were held and occupied by a tenant of their father in the years 1812 and 1813; that their father died in 1812, and that they were his heirs at law. On the back of the lease thus produced there was an assignment from Betsey Ritchie, describing herself as the *administratrix*, &c. of John Ritchie, deceased, transferring the premises in question to the defendant; which assignment bore date on the 15th June, 1814. The defendant proved that Betsey Ritchie was the *mother* of the plaintiffs, and sole *administratrix* of the estate, &c. of John Ritchie, who was born in *Scotland,* and emigrated to this coun-

try sometime previous to 1808. The lease contained the usual clause of re-entry for non-payment of rent, &c. The defendant *offered to prove* that at the date of the assignment he was the lawful owner in fee of the *reversion,* and of the *rent* reserved; that he took immediate possession of the premises under and by virtue of the assignment, and has ever since occupied the same, claiming them as his own; which evidence was objected to, and rejected by the judge. The defendant then insisted, 1. That the plaintiffs were not entitled to recover, by reason of the *alienage* of their father ; 2. That he, the defendant, having entered into possession of the premises with the assent of the mother, the *guardian in socage* of the plaintiffs, was entitled to notice to quit; and also that he was entitled to such notice as the releasee of the widow's right of dower ; 3. That a *re-entry* ought to be presumed in his favor ; and 4. That having, by the assignment, obtained the right of dower of the widow, he cannot, in this action, be evected from his possession. The plaintiffs offered to prove that at the same time when their father admitted that he was born in Scotland, (which was the the proof adduced by the defendant,) he also said that he had been naturalized ; the judge refused to hear such evidence, but said that he would leave the plaintiffs to produce the record of naturalization on a motion for a new trial, should such motion be made ; and on the other points he ruled against the defendant. The jury, under the charge of the judge, found a verdict for the plaintiffs. The defendant asks for a new trial.

On the motion for a new trial, the plaintiffs produce in court an *exemplification* of a record of the court of common pleas of Saratoga, stating, that on reading and filing the petition of John Ritchie, and certain accompanying affidavits, the court, on the 13th April, 1810, made an order, admitting Ritchie a citizen of the United States, in pursuance of certain acts of congress. The counsel for the defendant, in addition to the points raised by him at the circuit, insisted that the record of naturalization omitting to state the preliminary steps required to be taken in such cases, the production of the exemplification was not enough to entitle the plaintiffs to recover, but

that they were bound to show such preliminary proceeding, so that the court might judge of their regularity and sufficiency.

*W. L. F. Warren*, for the defendant.

*J. Ellsworth*, for the plaintiffs.

*By the Court*, SUTHERLAND, J. The objection to the plaintiff's recovery, on the ground of the alienage of their father, John Ritchie, is now removed, by the production of the record of his naturalization, which took place on the 13th day of April, 1810. Record evidence of a fact imperfectly proved at the trial may be exhibited, on the argument of the case, in opposition to a motion for a new trial; such evidence being in its nature incontrovertible, it would be idle to send the cause down to a new trial, for the purpose of taking it. The practice of the court, in this respect, is well settled.

It need not appear by the record that all the preliminary requisites to a naturalization were complied with. The judgment of the court, admitting the alien to become a citizen, is conclusive evidence upon that point. 7 *Cranch*, 420.

The mother of the plaintiffs was entitled to be their guardian in socage; but there is no evidence that she ever acted in that capacity. In assigning the lease in question, she professed to act as administratrix of her husband, and not as guardian of his children; she must therefore be considered as having acted in that capacity. As administratrix she had no control over the real estate of her husband; that descended to his children. The lease in question was a freehold estate, which she had no power to alien or encumber. Her assignment, therefore, passed nothing to the defendant which belonged to her children.

Nor did the defendant acquire, under that assignment, the widow's right of dower. A widow, before her dower is assigned to her, cannot convey an interest in the land to which she had a right of dower; it is a mere right of action, which cannot be conveyed or assigned. 10 *Wendell*, 414, 528.

The defendant having shown, affirmatively, that he entered upon the premises, and had held them under this assign-

ment, there is no room for the presumption that he acquired the possession by a re-entry, for a breach of the covenant of the lessee.