Bronson, J.
By the Court, The statute authorizing a notice of special matter to be given with the plea of nil debet to an action of debt on judgment, 2 R. S. 352, § 10, was not intended to change the form of pleading. It only applies to actions upon foreign judgments, and judgments rendered by justices of the peace, w’here the plea of nil debet was good at the common law; and not to the judgments of those courts whose records import absolute verity. In an action of debt on a judgment of the latter description, nul tiel record is the proper plea, and nil debet is bad on demurrer, though good after verdict. Bullis v. Giddens, 8 Johns. R. 82. Andrews v. Montgomery, 19 id. 162. This point was decided in White v. Converse, 20 Wendell, 266, in debt on recognizance of bail; and has been several times decided in actions of debt on judgment.
This brings us to the main question. If this is to be regarded in the same light as a judgment rendered by a justice of the peace, nil [ *376 ] debet is the proper plea. But if it *should be treated like a judg. ment of this court, or one of the county courts, the plea should have been nul tiel record.
The justices’ court of the city of Albany was instituted in 1821. Statutes 1821, p. 36. It is composed of three justices, has a clerk and seal, and is declared to be a court of record. § 1, 4, 13. By the 3d section it was enacted, that the court should have “ exclusive jurisdiction in the said city, to hear, try and determine all actions which are now cognizable before a single justice of the peace in the said city, and shall, in all respects, proceed in like manner, except as is otherwise provided by this act.” The principal points in which this court differs from ordinary courts held by one justice, are, that two of the justices must, in general, be present — applications for process must be made to, and the process be issued by, the clerk— and the clerk keeps the docket or register in which the process, returns, adjournments, judgments and other proceedings are entered. § 5 — 7. Among other things, the clerk is to enter “ the substance of the plaintiff’s charge or demand, and of the defendant’s plea,” § 6, and the forms of process are substantially the same as before other justices of the peace. § 7. The judgments of the courts are reviewed on appeal and by certiorari, in the same manner as other justices’ judgments. § 15. It is evident, I think, from these provisions, that the judgments of the justices’ court of the city of Albany are of the same character, and that they have no other force or effect than judgments rendered by a justice of the peace in the other towns and cities of this state. In relation to suils between party and party, the legislature intended nothing more, than to take away the civil jurisdiction *376 which had before been exercised by several justices in the city of Albany, individually, and to vest that jurisdiction exclusively in this new court, to bo exercised in the same cases, and in the same manner, substantially, as it had been exercised before. A clerk was a part of the necessary machinery of the new court, according to the plan upon which its ordinary powers were to be exerted. But the provision for a seal, and that this should be a court of record, were probably made in reference to the laws of the United States for the naturalization *of aliens, and may, possibly, [ *377 ] have pointed to other things which can only be done by a court of record having a clerk and a seal.
I can perceive no solid objection to considering the court as possessed of a two fold character. It is a court of record, when acting in relation to matters which can only be transacted in a court of that description. But in the exercise of its jurisdiction between party and party, it is not a court of record. Like other justices’ courts, it possesses many of the powers of a court of record, 2 R. S. 225, § 1, but is not, in a strict legal sense, entitled to that character. Scott v. Rushman, 1 Cow. 212.
But if this is a court of record for all purposes, yet its judgments between party and party are not enrolled. They are, with other proceedings, entered in a book kept for that purpose, § 6, in the same way that other justices are required to enter their judgments and proceedings. 2 R. S. 268, § 243. These entries do not constitute what, in legal language, is called a record, and the plea of nul tiel record cannot be appropriate.
“ A court of Record,” says Blackstone, “ is that where the acts and judicial proceedings are enrolled in parchment [paper has since been substituted] for a perpetual memorial and testimony ; which rolls are called the records oí the court, and are of such high and super-eminent authority, that their truth is not to be called in question. If the existence of a record be denied, it shall be tried by nothing but itself; that is, upon bare inspection whether there be any such record or no ; else there would be no end of disputes.” 3 Blade. Comm. 24. And to the same effect is Co. Litt. 260, (a) ; id. 117 (5). An order entered in the minutes of such a court, is not a record until it has been enrolled. Croswell v. Byrnes, 9 Johns. 287. These rolls or records contain a history of the proceedings in the cause to which they relate. They give the name of the court in which the judgment was rendered, the time and place when and where it was held, the process, plead, ings, continuances, verdict and judgment of the court. They are authenticated by the signature of some public officer, and’kept as a perpetual memorial *of the transaction. When issue is joined upon the [*378 ] existence of such a record, it is tried and decided by the record itself. There can be no such record of the judgment upon which this action has been brought. Let us suppose that the defendant had pleaded nultiel record, upon which there was to be a trial by inspection. A book would be *378 presented, in some part of which there might, or might not be, a memorandum that it was a book kept by the clerk of the justices’ court of the city of Albany. On one of its pages would be found an entry, which, after giving the names of the parties, would probably run thus — “ Summons issued (giving the date and return) — parties appeared — plaintiffs declared on note or book account — plea, general issue — adjourned (to such a day) — venire issued— parties appeared — -jury sworn — A. B. sworn as a witness — verdict for plaintiffs, $50. — Judgment for plaintiffs — damages and costs $51,24.” These or the like memoranda do not constitute what, in legal language, is called a record, and the defendant would be entitled to judgment on his plea of nul tiel record. The book would not even prove the judgment. It would be necessary to call the clerk or one of the justices to help out the case.
If in the exercise of its jurisdiction between party and party, this is to be regarded as a court of record, it would seem to follow that a writ of error will lie upon its judgments, although the act provides for a review by appeal and certiorari; and further, the judgment might be a lien on real estate, 2 R. 8. 359, § 3, which could not have been contemplated by the legislature.
But whether a court of record for all purposes or not, I think the defendant has pleaded in the proper form, and that if he had pleaded nul tiel record it would have been bad on demurrer.
Judgment for defendant.