## SUPREME COURT.

### MONTGOMERY agt. ELLIS.

A party who has a judgment *in his favor*, may, on application to the court, under § 174 of the Code, have redress, or be relieved, the same as though judgment was *against* him. He comes within the spirit and meaning of that section, although not within its letter.

A *verbal agreement* between the attorneys for the respective parties to a pending suit, that judgment may pass for one of the parties with a certain amount of costs, supposed by them to be equivalent to certain claims relinquished by the opposite party, with relief from the litigation, is in effect a *compromise of a litigated suit;* and is final and conclusive between the parties, no fraud being shown, even though entered into under a mistake of law.

The courts have determined that the rule requiring stipulations or agreements of this kind to be in writing, does not apply, where the party has been led to *rely* upon them. And especially where they have been *executed* by passing into a judgment.

*Oneida Special Term, December* 1851. *Motion to modify or vacate a judgment under section* 174 *of the Code.* This cause (which was an action under the Code for the delivery of personal property) was noticed and brought to trial in December 1850, and the plaintiff not appearing, the defendant took judgment for a dismissal of the complaint; which judgment was perfected on the fourth of January 1851, for five dollars costs, against the plaintiff. He now moves under the provisions contained in section 174 of the Code of procedure, either to modify the judgment by adding a provision that the defendant have a return of the

property, or damages in lieu thereof; or to open the judgment altogether, so as to allow the plaintiff to try the issues in the cause. This relief is claimed, on the ground that the error of thus taking judgment, arose from a mistake, or inadvertence of the counsel of the defendant, and an anticipated difficulty, in re-covering the property, or the value thereof, against either the sheriff or the sureties, on their undertaking.

T. H. FLANDRAU, *for the Motion.*

H. DENIO and W. O. MERRILL, *Opposed.*

GRIDLEY, Justice.—The plaintiff resists this application on the ground that in as much as this judgment is *in favor* of the de-fendant, he is not within the purview of the section, which only authorizes the court to relieve a party *against whom* a judgment has been taken within one year after notice of the judgment. It may be admitted that the defendant is not within the *words* of the act; but he is obviously within its meaning and spirit; and as the act is *remedial* in its nature and object, it should receive a liberal interpretation. Besides, I am of the opinion, it was the intention of the legislature merely to declare the law as it before existed (see 2 *R. S.* 359, § 3; Barheydt ads. Adams, 1 *Wend.* 101; Soulden vs. Cook, 4 *Wend.* 217).

2. The application is also resisted on the following state of facts, which are established by several affidavits. That before the cause was brought on for trial, a verbal agreement had been entered into between the attorney for the plaintiff and one of the attorneys of the defendant, that just such a judgment as that actually entered, should be taken at the circuit; and that the plaintiff's attorney should not appear on the trial, and that the defendant's costs should be limited to five dollars. The property in dispute was a canal boat, which the plaintiff claimed title to, as a purchaser on an execution. The defendant in his answer claimed title under a chattel mortgage, executed by a prior owner. The reply set up fraud in the mortgage, and that it conferred no title. The attorney of the plaintiff swears that he told the de-fendant's attorney that it would cost the plaintiff a considerable sum to prepare for trial; and though he could do so, and beat the defendant, yet as the plaintiff had got the boat, he would ad-

vise his client to allow the complaint to be dismissed, with five dollars costs, if the defendant would consent to take such a judgment. That the defendant's attorney agreed to the terms; and on noticing the cause for trial appended a stipulation to the notice, that on entering judgment for the defendant in the cause, the costs of the defendant should be limited to five dollars. This agreement was afterwards communicated to the plaintiff, and under the advice of his attorney he made no preparations for the trial, relying on the agreement which was actually carried out at the trial. Now, this agreement is stated in the affidavit of the defendant's attorney in much greater detail than it is given here, and is confirmed by the affidavit of another witness who was present, and heard the agreement; and by the affidavit of the plaintiff, as to his acceptance of the advice of his attorney and his reliance upon it, and omitting for that reason, to make any preparation for the trial of the cause. The counsel of the defendant claims the right to repudiate this agreement, as not being in writing, pursuant to the rules of court. To the right to repudiate there are two objections:

1. The courts have determined that the rule is not applicable to a case where a party has been led to *rely on* the stipulation, as the plaintiff did here, and allowed judgment to be entered against him. The ordinary doctrine of *estoppel in pais* would require the party who obtained the judgment by virtue of the stipulation, to abide by it afterwards (see 6 *Cow.* 385; 8 *Cow.* 119; 1 *Hill*, 627).

2. The agreement has been *executed* and has *passed* into a *judgment* and is now *verified* by the judgment, as well as rendered probable by the stipulation attached to the notice of trial. The defendant took such judgment, as he desired to do; and he can not vacate his own act, when it was done under an agreement on which the other party *relied*, and forbore to question on the trial the validity of the defendant's mortgage.

Now, regarding this agreement as valid, as I am bound to do, it was no less than a *compromise of a litigated suit*, executed and carried into judgment; by which the plaintiff gave up his claim of proving the defendant's mortgage fraudulent and void, and suffered a judgment of five dollars costs to pass against him;

and the defendant gave up his right to a judgment for a return of the property, or damages in lieu thereof. This disposition of the suit must be deemed final and conclusive, there being no fraud charged in relation to the agreement. The most favorable aspect of the case is, that it was an agreement entered into under a *mistake of law*, as to the effect of a judgment like this, in a suit of replevin. If the counsel supposed that the judgment would be such as to enable the defendant to recover against the sureties or the sheriff (without official misconduct), he was mistaken. He must have a judgment for a return, or for damages in lieu thereof, before the condition of the obligation is broken (*Code* § 209, 277; 10 *Wend.* 333; 12 *id.* 120). A mistake as to the legal construction of a security is no ground, even in equity, for rescinding it. This was expressly decided in Hunt vs. Rousmaniere (1 *Peters*, 13 to 17; 8 *Wheaton*, 211, 212). This is a case to which the maxim *Ignorantia juris non excusat*, has been held to apply.

The motion must be denied with costs.