### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE,

### MAY TERM, 1856.

Present—*
HENRY L. BENNING, } *Judges.*
CHAS. J. McDONALD. }

---

No. 1.—George W. Collier *et al.* administrators, &c. plaintiffs in error, *vs.* James Cross and another, administrators, &c. defendants in error.

[1.] The plea of *non est factum* must be an answer to the plaintiff's allegation. To an averment that C J & Co. made a note, a plea that St. G, a member of the firm, did not make it, or authorize any one else to make it, is insufficient.

[2.] The defendant pleads, that on the day of the date of the note sued on, he was not a member of the firm which made the notes. Suits and judgments on notes, and contracts made *prior* to that day, in which the defendant is joined as a member of the firm, either as plaintiff or defendant, are not admissible as evidence to disprove the plea.

[3.] But as no new trial was moved for in the Court below, and as the weight of evidence, independent of said suits and judgments, is decidedly in support of the verdict of the Jury, against the issue formed by such plea, the

---

*Note.*—Judge Lumpkin was detained from this term by severe family affliction.—Reporter.

defendant is not entitled to a reversal of the judgment under the late Statute.

[4.] The Ordinary has jurisdiction to rescind an order, dismissing executors or administrators, when such order has been procured by the fraud of the parties, or has been improvidently or irregularly granted.

[5.] The order vacating the order of dismission binds, however irregularly granted, until set aside.

[6.] Such an order, so far from prejudicing the rights of sureties, enables the administrator to collect assets, for which he would be accountable.

Assumpsit, &c. in Pulaski Superior Court.   Tried before Judge LOVE, October Term, 1855.

This action was brought by the administrators of Richard Johnson against Collier, Jelks & Co. upon a promissory note made in the name of the firm.   Upon the trial, on motion of Counsel for plaintiffs below, the Court ordered a plea of *non est factum*, filed by Edward St. George, to be stricken out. This decision is one of the errors assigned.

James O. Jelks, one of the firm, having pleaded and proved his discharge in bankruptcy, the Court, on motion, ordered his name stricken from the case.   This is also assigned as error.

The defendants having pleaded that Edward St. George was not a partner at the time the note was made, the Court admitted in evidence various suits and judgments by and against the partnership, to prove its existence.   The admission of this evidence is also assigned as error.

The defendants having given in evidence an order of the Ordinary discharging the plaintiffs from their trust as administrators of Johnson, the plaintiffs below offered in evidence another order revoking the former.   Both orders were passed prior to the time the administrators of St. George were made parties to the case.   The Court admitted the evidence, and this decision is assigned as error.

Various errors were assigned on the charge of the Court, but they were not urged in the Supreme Court.

Collier *et al.* &c. *vs.* Cross and another, &c.

ROCKWELL, representing COLE, for plaintiffs in error.

S. T. BAILEY, for defendants in error.

*By the Court.*—MCDONALD, J. delivering the opinion.

The suit was against the firm of Collier, Jelks & Co. It is alleged that the defendants, by the firm name, made the promissory note sued on, and that Edward St. George was one of the said firm. Defendant, St. George, at the return term. of the case, appeared and pleaded that "he did not make the said note in the said suit described, and that he did not authorize any other person to make said note."

[1.] The Circuit Judge, on motion of plaintiff's Counsel, ordered this plea to be stricken out, and his decision is excepted to. The plea does not deny that the note sued on is the note of the firm. It is not an answer to the plaintiff's allegation. Any other member of the firm might have made the note; and in that case, it was the note of the firm, and all the members of the firm would be bound by it. We think the decision right.

The error assigned on the ruling of the Court, ordering the name of James O. Jelks to be stricken from the case, was abandoned.

[2.] The note sued on bears date on the fifth day of March, 1840. Defendant, St. George, pleads that he was not, at that time, a member of the firm of Collier, Jelks & Co. The notes and debts sued on in the several suits and judgments given in evidence in this case, were given and contracted sometime prior to the 5th of March, 1840, and are no evidence that the defendant, St. George, was a member of the firm on that day.

[3.] They ought to have been rejected by the Court; but inasmuch as the weight of evidence is decidedly in favor of the verdict of the Jury, independent of the testimony furnished by said suits and judgments, and a new trial was not

moved for, we will not, on that account, reverse the judgment.

During the pendency of this suit, the plaintiffs, on their own application, were dismissed from the administration on Johnson's estate; but afterwards, discovering that they had not fully administered the estate, they moved the Ordinary for a rescission of the order of dismission. The Ordinary rescinded the first order and re-instated the plaintiffs in the administration. The defendant's Counsel, in support of the plea that plaintiffs were not administrators, gave in evidence the order of the Ordinary dismissing them from the administration. The plaintiffs then tendered in evidence the latter order, revoking the former, and which re-instated the plaintiffs in the administration. It was objected to by defendant's Counsel, but admitted by the Court. This decision is assigned for error, and it is insisted that the Ordinary had no jurisdiction to pass this order of revocation; that before the estate would be again represented, there ought to have been a new publication, and that an administration *de bonis non* should have been granted. We are not prepared to go the length contended for by defendant's Counsel. But it is not necessary to decide that point in this case. Edward St. George died, and his death had been suggested of record before the last order of the Ordinary, which was passed at the May Term of the Court of Ordinary, 1854, of Houston County. A *scire facias* was sued out and served on George W. Collier, administrator of St. George, calling on him to make known why he should not be made a party defendant in lieu of his intestate. Not showing any cause, he was made a party defendant at October Term, 1854. Five months before he was made a party, the plaintiffs had been re-instated in the administration of Johnson's estate, by the Ordinary of Houston County; and it does not appear, from the record, that he objected, at the time he was made a party, to the competency of the plaintiffs to maintain the suit in Court. It is now insisted that the Ordinary had no jurisdiction to pass the order which annulled the

order of dismission and revived the administration. If he had no jurisdiction, his order vacating the order of dismission was a nullity.

[4.] But in matters of this sort, the Ordinary has jurisdiction; and there can be no doubt of his having power to vacate an order for the dismission of executors or administrators, which has been procured by the fraud of the parties, or which may have been irregularly or improvidently passed by him. *Cruswell vs. Byrnes*, (9 *Johns. R.* 290.)

[5.] Such order will be good, however irregularly granted, until set aside. On this principle, the motion was made in the case of *Adams vs. Barheydt*, (1 *Wend.* 101.)

If mere irregularity renders a judgment void, then a proceeding to set it aside is unnecessary. But such is not the case. If it were, however, then the record shows that the order of dismission is by no means regular. The petition states that *the administrators* had advertised, in terms of the law, for letters of dismission. The order dismissing them states that *they* had advertised in terms of the law.

The Act of the General Assembly requires that the administrator who seeks to be discharged from his administration, should petition the Ordinary for a discharge. He must have "fully discharged the duties assigned him" at the time he files his petition; and his accounts with the Ordinary should show the fact, so far as the assets with which he is charged in the inventory and his returns are concerned. The Ordinary shall then order a citation to be issued; and this citation should be published for six months. The order for the citation and publication, are or should be the acts of the Ordinary. It does not appear that a *citation* was either ordered or published in this case.

The Ordinary ought to be well satisfied, from "an examination into the intestate's estates and affairs, that the administrator has faithfully and honestly discharged the trust and confidence reposed in him," before he grants the discharge.

Hence, it appears that if the order vacating the order of dismission is void for irregularity, the order of dismission is,

for the same reason, void. But we do not decide that either is void; but we hold that the vacation of the order of dismission is good and effectual for that purpose, and annuls that order until it shall be set aside, if there be just ground for it.

[6.] It was argued that the securities of the administrators were discharged by the order of dismission, and could not be re-bound by the order vacating it. The securities, so far from being prejudiced, were benefitted by the proceeding. It was their interest to apply for a rescission of the order, for they would have been, certainly, in some manner, chargeable for the debt sued for, if it had not been recovered. The heirs at law of Johnson were entitled to it, and the securities could not have set up, as a defence, that it was lost by the dismission of the administrators on their own application, during the pendency of the suit for its recovery.

The errors assigned on the charge of the Court, are abandoned.

Let the judgment of the Court below be affirmed.