GEORGE W. MOWRY *vs.* NATHANIEL CHEESMAN.

A judgment of a justice of the peace of another state is not a judgment of a court of record, within the meaning of the Rev. Sts. *c.* 120, § 1; and an action thereon is barred by that statute in six years, although by the laws of that state an execution might now be issued on that judgment.

ACTION OF CONTRACT, commenced on the 14th of August 1855, on a judgment for debt and costs, rendered against the defendant by a justice of the peace in the State of Rhode Island on the 23d of September 1844, in favor of the plaintiff, then and ever since a citizen of that state. Answer, the statute of limitations. On the 29th of said September, an execution was issued thereon, and returned unsatisfied on the 29th of December 1844; and on the 7th of November 1850 an alias execution was issued, and returned unsatisfied on the 7th of February 1851. By the statutes of Rhode Island, "executions, original or alias, may be issued at any time within six years from the rendition of the judgment originally, or from the return day of the last execution." The judgment has never been paid. The defendant had resided in this state for more than six years next before the commencement of this action, and still resides here. The parties submitted the case above stated to the decision of the court.

*P. C. Bacon & P. P. Todd,* for the plaintiff. The judgment sued upon is a judgment of a court of record, and therefore not barred by the Rev. Sts. *c.* 120, § 1. The judgment cannot be so barred, so long as it is kept in force by alias executions. Laws of R. I. (ed. of 1844,) 141, § 57. The defendant, by going out of that state, has prevented the plaintiff from reaching him by an alias execution.

*H. Chapin,* for the defendant.

METCALF, J. This is an action on a judgment of a justice of the peace in Rhode Island, and was commenced about eleven years after the judgment was rendered. Is the action barred by our statute of limitations, (Rev. Sts. *c.* 120, § 1,) which requires

that "all actions upon judgments rendered in any court, not being a court of record," shall be commenced within six years next after the cause of action shall accrue ? Certainly it is so barred, unless a justice's court in Rhode Island is a court of record ; for the limitation of the action is determined by the statute of the state in which the action is brought, and not by that of the state in which the judgment was rendered. *De-couche* v. *Savetier*, 3 Johns. Ch. 190. *M'Elmoyle* v. *Cohen*, 13 Pet. 312. Angell on Lim. *c.* 8. We have therefore only to inquire whether the judgment in suit is a judgment of a court of record, within the meaning of the statute above cited.

In some of the states of the Union, judges have said that the courts of justices of the peace, in those states, are courts of record. In several of the other states it is held, either that such courts are not courts of record, or that they are presumed not to be, unless they are shown to be such by the law of the state where they are rendered. *Scott* v. *Rushman*, 1 Cow. 212. *Thompson* v. *Robinson*, 3 Wend. 268. *Snyder* v. *Wise*, 10 Barr, 158. *Silver Lake Bank* v. *Harding*, 5 Ohio, 545. *M'Gee* v. *Sheffield*, 3 Stew. & Port. 351. *Ellis* v. *White*, 25 Alab. 540. In this commonwealth, a justice's court is not a court of record, within our statute of limitations, and an action on a judgment of such court is barred by that statute, if not commenced within six years. *Smith* v. *Morrison*, 22 Pick. 430. And upon examining the statutes of the State of Rhode Island, to which we were referred by counsel, we find nothing in the jurisdiction and authority there conferred on justices of the peace, nor in the duties there required of them, which gives to the courts held by them any higher claim, than justices' courts have in this commonwealth, to be regarded as courts of record. Nor is it shown, nor even suggested in argument, that they are so regarded by the courts of that state.

In *Ex parte Gladhill*, 8 Met. 170, it was said by Shaw, C. J. that probably justices' courts might be regarded, to some purposes, as courts of record, but not so in all respects. See also *Thayer* v. *Commonwealth*, 12 Met. 11, 12. So it was said, in *Wheaton* v. *Fellows*, 23 Wend. 375, that the justice's court of

the city of Albany had a twofold character; that it was a court of record, when acting in relation to matters which could be transacted only in a court of that description, but not a court of record when exercising its jurisdiction between party and party. And in *Lester* v. *Redmond*, 6 Hill, 590, the same was said of the marine court of the city of New York; and an action on a judgment of that court was held to be barred by the New York statute of limitations, which, like ours, requires " all actions upon judgments rendered in any court, not being a court of record," to be commenced within six years next after the cause of action accrued. *Plaintiff nonsuit.*