JACOB STRAUSS, plaintiff in error, vs. WALDO, BARRY & Co., defendants in error.

A. gives two promissory notes to B.; B. sues A. and C. as partners; C. pleads under oath that at the time said notes were given, he was not the partner of A.

*Held*, that this plea put upon B. the necessity of showing by proof that A. had authority to bind C.

Assumpsit, in Decatur Superior Court. Tried before Judge ALLEN, April Term, 1858.

Waldo, Barry & Co. brought suit on two notes against David Strauss and Jacob Strauss, which notes were signed by David Strauss only, and alleged that they were partners, doing business under the name and style of David Strauss.

Defendant, Jacob Strauss, pleaded *non est factum*, and that he was not a partner of the firm of D. Strauss, as alleged, at the time the notes were made.

On motion of plaintiffs' counsel, the Court ordered both pleas to be stricken, the first on the ground that defendant could not plead *non est factum* when he is charged as one

of several copartners; secondly, that the plea in bar, as filed by defendant, was insufficient, in this, that it did not sufficiently deny the partnership as alleged in plaintiffs' declaration.

Defendant's counsel excepted to this ruling of the Court.

Defendant's second plea was in these words: "And for further plea, defendant says *actio non*, because he says, that at the time the said two notes, the foundation of plaintiffs' action, were made, he was not a partner of the firm of D. Strauss." Verified.

Upon the exception defendant's counsel assign error.

LAW & SIMS, for plaintiff in error.

R. F. LYON, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

On two notes given by David Strauss alone, the payees sue, and seek to charge Jacob Strauss as a partner. Jacob Strauss put in the plea of *non est factum*. It was demurred to, and ordered to be stricken out by the Court, upon the authority of *Collier and others vs. Cross and another*, (20 *Ga. Rep.* 1,) and this case certainly sustains the Court in its decision.

I was not present when *Collier and Cross* was adjudicated. Of course, I shall bow to that decision, as to all others made by this Court, as law.

The defendant, Jacob Strauss, further pleaded, that at the time these notes were given by David Strauss, and upon which he is sought to be made liable, he was not a partner of the firm of David Strauss. And this plea is verified. This plea also was stricken out upon demurrer, as not being sufficiently full.

We differ from the Circuit Court upon this latter point. If Jacob Strauss was not a partner of David Strauss, at the time these notes were given, *prima facie* at least, David

Strauss had not power to bind him, by giving a partnership note. If there was any agency, or any other special reason, why Jacob Strauss ought to be bound, that could be proven under a replication to this plea. The plea, we think, was sufficient to put the plaintiffs upon proof of the partnership.

It is strongly laid down in *Story on Partnerships,* that even without this plea, where the partner, as in this case, does not sign *& Co.,* he is deemed to have only contracted for his own private affairs, and does not bind his partners, unless the creditor shows by other proof, that the individual thus signing, contracted on account of the partnership affairs. *Story on Partnerships, sec.* 106 *and note 2, and sec.* 109 *and note 2.*

Perhaps the judiciary Act of 1799, requiring the defendant to deny the notes on oath, has made the plea put in, in this case, necessary. Still, it is undoubtedly full enough to require proof of the firm by the plaintiffs.

Judgment reversed.