THOMAS ROBERT, RESPONDENT, *v.* WILLIAM GOOD, SUR-
VIVOR, &c., APPELLANT.

*Pleadings—Allegations not denied, when Evidence—Documentary Evidence may*
*be supplied on Appeal, when.*

Where there is an allegation in the complaint that the undertaking upon
which the action is brought, was executed by the Defendants, and the answer
of the Defendants does not deny such allegation, the execution of the under-
taking is admitted in the pleadings and need not be proved on trial.

Where the only defect complained of at the trial is in respect to documentary
evidence, it is allowable to supply such defect at the hearing on the appeal by
producing the proper documentary evidence.

PARKER, J.—This action was brought in the New York Common
Pleas, upon an undertaking given in the Marine Court, by the
Defendant, Good, and James Donnell, since deceased, on appeal,
by Ezekiel Donnell, to the General Term of the last-mentioned
Court, from a judgment against him, before a single justice, at the
suit of the present Plaintiff.

The complaint alleges the recovery of the judgment, the appeal
to the General Term, the execution of the undertaking by the
Defendants—whereby they undertook and promised that the said
Ezekiel Donnell would pay all costs and damages which might be
awarded against him on said appeal, not exceeding $250, and did
also undertake that, if the said judgment so appealed from, or any
part thereof, should be affirmed, the said Ezekiel Donnell would
pay the amount directed to be paid by the said judgment, or the
part of such amount as to which the said judgment should be
affirmed, if it should be affirmed in part, and all damages which
should be awarded against said Ezekiel Donnell on the said appeal.
It also alleges the affirmance of the judgment by the General
Term, and the neglect and refusal of Ezekiel Donnell to pay the
costs and damages awarded against him on such appeal, and the
judgment appealed from, and so affirmed, or any part thereof, and
that the said judgment is still due and unpaid.

The answer puts in issue no fact alleged in the complaint,

except the affirmance of the judgment, and the neglect and refusal of Ezekiel Donnell to pay the costs, and damages, and the judgment, and that the same is still due and unpaid.

Upon the trial, the Plaintiff offered in evidence a copy of the undertaking, with notice endorsed thereon from the Defendants' attorney to the Plaintiff's attorney, in the original suit in the Marine Court, that it was a copy of the undertaking filed on the appeal, which was objected to by Defendants' counsel as irrelevant and incompetent. The objection was overruled and the Defendants excepted, and the copy entitled in the original suit was read. The Plaintiff then offered in evidence the docket of the justice, on which was entered an action entitled, Thomas Robert *v.* Ezekiel Donnelly and proceedings to judgment, corresponding to the description in the copy of the undertaking read, except that the letter "y" was added to the Defendant's name. The Defendants objected to the evidence as irrelevant, and on the ground that it appeared to be in a case against one Donnelly. The objection was overruled, and the docket was read in evidence. It closed with the following entry: "At a General Term of the Court, held on the 26th of February, 1857, it is hereby ordered, that the judgment entered herein be, and the same is, affirmed, with $12 for allowances and disbursements to Respondent."

The Plaintiff also proved, by an assistant clerk of the Court, who had charge of the records in the office, that he found no other record of the judgment of Robert *v.* Donnell, than the one so put in evidence.

The Plaintiff then offered in evidence a paper purporting to be an order of affirmance by the General Term on the 26th day of February, 1857, of the judgment, certified as follows : " Extract from the minutes. Moses D. Gale, Clerk "—which was shown to be in the handwriting of an assistant clerk in the office. It was objected to, and admitted, and Defendants excepted. The Plaintiff then proved the amount of his claim to be $760.39, and rested.

The Defendant's counsel then moved for a dismissal of the complaint, with grounds :

Opinion by PARKER, J.

1. That the Plaintiff has failed to show either a delivery of the undertaking in question, or facts constituting a delivery, as contemplated by law.

2. That it appears by the evidence that there was no such judgment as that upon which the alleged undertaking was based.

3. That there was no sufficient evidence of the affirmance of said judgment.

The motion was denied, and Defendant's counsel excepted.

The Court then submitted the case to the jury, who found a verdict for the Plaintiff for $760.39, on which judgment was entered.

An appeal was taken to the General Term, upon the hearing of which the Plaintiff introduced and read a duly certified copy of an order of the General Term of the Marine Court, dated February 26th, 1857, affirming the judgment of the justice. The General Term of the Court of Common Pleas affirmed the judgment, and an appeal therefrom is now brought to this Court.

The allegation in the complaint that the undertaking was executed by the Defendants, is a sufficient allegation, and, there being no denial in the answer, sufficient proof of the complete execution, including the delivery of the instrument, and no other proof of its execution and delivery was necessary.

The admission of the copy of the undertaking and notice was undoubtedly erroneous, but it was not an error in any way prejudicial to the Defendants, for no proof of the undertaking was requisite, as it stood admitted upon the pleadings ; and if it was made to bear upon the alleged clerical error in the title of the cause on the docket, and to show that there was such mistake, that, too, was immaterial, as the judgment which that docket evidenced, if the name Donnelly was written by clerical mistake for Donnell, also stood admitted ; and whatever proof the docket afforded of the affirmance of the judgment, if any, was superseded on the hearing of the appeal in bank, by evidence which we shall presently see was conclusive.

The copy of the order of affirmance admitted on the trial was

not duly certified, and should have been excluded, but that defect was cured by the duly certified copy supplied and read in bank.

As the case stood at the trial, the only defect in the evidence complained of—which was, as we have seen, available to the Defendant—was in relation to the affirmance of the judgment. As this was a defect of documentary evidence, it was entirely competent and allowable to supply it at the hearing of the appeal, as was done by a duly certified copy of the order of affirmance.

The Marine Court is not a court of general common-law jurisdiction, and its proceedings are regulated by statute. Although it is, for some purposes, a court of record, so declared by statute, yet it possesses no powers except such as are granted it by statute (12 Wend. 220; 3 Sandf. S. C. Rep. 299; 23 Wend. 375). Its judgments are not enrolled, and it is not required that any formal record of judgment should be made up. Its books of entries are made evidence of its acts and proceedings (2 R. L., V. & W., 393, § 138). The order made by the General Term, and entered in its minutes, affirming the judgment which the pleadings admit was obtained and carried by appeal to the General Term, was, therefore, proper evidence of the fact; and an exemplified copy, or a copy certified, as required by the statute, by the clerk, under the seal of the Court, was equally competent and conclusive (1 Greenl. Ev. §§ 502, 507; 2 Phil. Ev. 344). It clearly appears, therefore, that a new trial on the ground that there was no affirmance of the judgment shown upon the trial, would have been entirely useless to the Defendants, and was properly denied by the General Term (13 Wend. 524; 14 Wend. 126).

I am of the opinion that the judgment appealed from should be affirmed.

Affirmed.

JOEL TIFFANY,
State Reporter.