(31 Abb. N. C. 416; 8 Misc. Rep. 482.)

In re McCARRAN.

(Common Pleas of New York City and County, Special Term. May, 1894.)

ALIENS—SETTING ASIDE NATURALIZATION—MOTION BY PRIVATE INDIVIDUAL.
    A private individual cannot maintain a proceeding to set aside an order admitting an alien to citizenship.

Motion by Ann McCarran and Francis McKenna to vacate an order admitting Patrick McKenna to be a citizen. Denied.

George Bliss, for the motion.
Charles W. Dayton, for the heirs of Patrick McKenna.
C. C. Clarke, for Caroline Hermanny.

GIEGERICH, J. This is a motion to set aside an order made by this court, of date 25th October, 1866, whereby one Patrick McKenna was admitted to citizenship of the United States. The application is based upon allegations that misrepresentations were made by the applicant, in the course of the proceeding wherein such order was granted, relating to the period of his residence in this country prior to the date when his majority was attained. The motion is made by Ann McCarran, a sister, and joined in by Francis McKenna, a nephew, of said Patrick McKenna, and appears to be made in support of. ejectment suits brought in the supreme court by the said Ann McCarran against certain parties claiming through said Patrick McKenna, who died on April 22, 1891, intestate; the order in question, unless vacated, being expected to materially affect the successful prosecution of such suits. As to limitations, this motion does not fall within the provisions of section 1282 et seq. of the Code, relative to the setting aside of a judgment for irregularity, in view of the nature of the proceeding attacked (In re City of Buffalo, 78 N. Y. 363); but, apart from the provisions of the Code of Civil Procedure, the application, if based upon an irregularity merely, would come too late at this time. Jackson v. Robins, 16 Johns. 571; Thompson v. Skinner, 7 Johns. 556; Soulden v. Cook, 4 Wend. 217.

It is contended, however, that the motion, being based upon alleged fraud in obtaining the order which is sought to be set aside, is barred by no limitation; but this contention is founded solely upon certain authorities holding that such a proceeding does not fall within the limitation prescribed in the case where irregularity or error of fact is assigned. These authorities do not warrant the assumption that no limitation (running from the date when the facts were discovered) may operate upon a motion of this character, especially in view of section 388 of the Code, which applies, as a rule, to equitable actions (Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643); a motion being governed by the rules of limitation applicable to actions (Depew v. Dewey, 2 Thomp. & C. 515, 56 N. Y. 657). Whatever express statutory limitation may here apply, however, it is not necessary to determine, for the neglect of the parties to make this motion during the great period which has elapsed is fatal to the application. Corwithe v. Griffing, 21 Barb. 9–14; Strong v. Strong, 3 Redf. (Surr.) 477, 485, 486, and citations; In re Salisbury's Estate (Surr.) 6 N. Y. Supp. 932, 934. No explanation is here offered for the negligence of the moving parties in this regard, the affidavits submitted tending to show that the facts constituting the alleged fraud were known to the affiants from the commencement of the period in question. It is well settled that an order admitting an alien to citizenship, which contains the necessary recitals, is conclusive as to the existence of facts upon which it depends for validity, when attacked collaterally. Spratt v. Spratt, 4 Pet. 406; McCarthy v. Marsh, 5 N. Y. 263; Ritchie v. Putnam, 13 Wend. 524. But authorities dealing with such a case in the aspect of a direct attack are not abundant. The case of Com. v. Paper, 1 Brewst. 263, and In re Shaw, 2 Pa. Dist. R. 250, however are in

point; and I am well content to follow them, in the absence of any contrary ruling by the courts of this state, so far as research discloses. These cases hold that the civil authorities, and not a private individual, should institute a proceeding of this character, and to my mind the reasoning is founded upon sound principles. Moreover, in view of the grave importance which attaches to the question now considered, by reason of the property rights involved, the parties to be affected should certainly have recourse to the protection afforded by the settled rules of evidence, when litigating this matter; and I am by no means satisfied that the provisions of section 829 of the Code of Civil Procedure would not oppose the successful prosecution of an action to set aside the order here attacked. This section is not, in terms, applicable to matter contained in affidavits submitted upon a motion; and, in my opinion, justice would require that the parties be relegated to a proper action, where the question can be determined upon whatever competent evidence may be adduced. Motion denied, with $10 costs.