### BANNON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 24, 1912.)

MUNICIPAL CORPORATIONS (§ 812*)—NOTICE OF CLAIM—PLEADING—ESTOPPEL.

Where the petition for damages against a city alleged that the plaintiff had "duly filed a notice" of her claim, the defendant did not, by admitting the allegations of notice contained in the petition, lose its right to object that the notice was insufficient.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

Appeal from Trial Term, Kings County.

Action by Ann Bannon against the City of New York. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and WOODWARD, JJ.

Frank Julian Price, of New York City (James D. Bell, on the brief), for appellant.

Martin T. Manton, of Brooklyn, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a small judgment against the city for injuries received by her as a result of falling over a defect in the sidewalk, and the only question on this appeal is whether she sufficiently proved due and proper notice of her intention to sue and of her claim. She duly filed a notice of claim against the defendant with the comptroller; but the notice was clearly defective, because it gave the place of accident as Twentieth street, whereas the complaint alleged and the evidence established that the accident occurred on Eighteenth street. She also duly filed with the corporation counsel a notice of her intention to sue; but this notice also was defective, and for the same reason. The complaint alleged:

"VII.—That on or about the 24th day of October, 1908, the plaintiff *duly filed a notice* of claim against the defendant with the comptroller of the city of New York, asking payment of $10,000, and payment thereof has not been made, and said claim has not been adjusted, and that more than 30 days have elapsed since the filing of and neglect to pay said claim.

"VIII.—That on or about the 24th day of October, 1908, the plaintiff *duly*

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*filed* with the corporation counsel of the said city *a notice* that it was her intention to sue the said city to recover the sum of $10,000 damages for the said injuries sustained by her by reason of the defendant's negligence and wrongful acts as aforesaid."

The answer failed to deny either of these paragraphs. At the close of the plaintiff's testimony, the proofs of the notices were admitted in evidence, and the plaintiff rested, whereupon the counsel for the city moved to dismiss the complaint on the ground, among others:

"That they had filed a claim and a notice, but are compelled to show that the claim and the notice complied with the statute.

"The Court—The answer admits that they duly filed a claim and duly filed a notice."

The motion was denied, and an exception taken. Subsequently the jury rendered a verdict for the plaintiff in the sum of $300, and on defendant's motion to set the verdict aside and for a new trial the following opinion was written by the learned trial justice:

"I think the defendant is barred from objecting that the notice was insufficient by admitting the allegation of the complaint that due notice of the accident therein set forth was received. The plaintiff might well be misled by such admission; whereas, if the allegation had been denied, she might have served another notice in time. The motion to set aside the verdict is therefore denied."

I think there is a clear distinction, overlooked by the learned trial justice, between a due filing and a due notice. The complaint did not allege that a due notice was filed or received. The allegation was merely that a notice was duly filed, and the admission that a notice was duly filed is far from an admission that a due notice was filed or received.

The question presented has been decided by the Court of Appeals adversely to the contention of the plaintiff. The notice in the case at bar is required by chapter 572 of the Laws of 1886, relating to cities of 50,000 inhabitants or over. A similar statute requiring like notice to villages was under review in Carson v. Village of Dresden, 202 N. Y. 414, 95 N. E. 803. The plaintiff alleged in the complaint in that action that a statement, following the language of the statute, was filed. The answer admitted that "a statement of plaintiff's alleged claim against defendant was filed," but denied "that such statement was sufficient under the statute." I think the decision of the Court of Appeals is to be regarded as holding that a mere admission of the filing of the statement, without a specific denial of its sufficiency, would not preclude the defendant from raising the question upon the trial. Judge Gray, writing for the unanimous court, said (202 N. Y. 418, 95 N. E. 802):

"The filing of the statement was a condition precedent to the maintenance of the action. 'No action shall be maintained * * * unless a written verified statement * * * shall have been filed' is the language of section 322 of the Village Law (Laws 1897, c. 414) and that makes it essential to the cause of action that the statement, as prescribed, be alleged and proved. The provision is prohibitive of a recovery until performance be shown. Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792. If we might assume that the defendant's counsel could waive the requirement of the statute, as to which,

I have grave doubts, there still remains the insuperable difficulty that the admission of 'filing and service of the notice as alleged in the complaint' *was not effective for anything*, if 'the statement itself was insufficient in law; that is to say, *the admission left it still to be determined as a question of law whether the statement alleged in the complaint to have been filed was a sufficient compliance with the statute*."

It follows that the judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.