REINHOLD PETERSEN, as Administrator, etc., of REINHOLD WILLIAM PETERSEN, Deceased, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Queens County, March 6, 1929.

*Brussel & Beebe* [*Fred P. Harrington* of counsel], for the plaintiff.

*George P. Nicholson, Corporation Counsel* [*Robert J. Culhane* of counsel], for the defendant.

FABER, J. The plaintiff had a verdict for $10,000 damages resulting from the negligence of the defendant. The defendant seeks to set aside the verdict upon the grounds that the plaintiff failed to prove that his intestate died as a result of the accident and failed to prove service on the defendant of a sufficient claim and notice of intention to sue. The first ground is without merit, for the proof was sufficient to justify the jury in finding that the accident

was the proximate cause of the death. As to the other ground, there is some show of force. The answer admits the allegation of the service of the statutory notice of claim and intention to commence action and the neglect and refusal of the defendant to adjust or pay the same, but denies upon information and belief the sufficiency of such notices. The plaintiff relying upon these admissions omitted to introduce in evidence such notices. Had the notices been offered in evidence at the trial and objection made to their admission, there would have been presented for determination *as a question of law* whether the notices alleged to have been filed were a sufficient compliance with the statutes. (*Bannon* v. *City of N. Y.*, 150 App. Div. 314; *Weisman* v. *City of N. Y.*, 219 N. Y. 178.) Why, then, in reason may not the notices be examined by the court on this motion to set aside the verdict and compel its denial if on their faces they incontrovertibly prove compliance? Appellate courts unquestionably have power to receive documentary and record evidence dehors the trial record for the purpose of sustaining, though not for reversing, a verdict or decision otherwise unimpeachable. (*Dunford* v. *Weaver*, 84 N. Y. 445; *People* v. *Flack*, 216 id. 123; *Robert* v. *Good*, 2 Trans. App. 103.) This is, by the clear dictate of justice, that to do otherwise would be a wanton waste of time and expense and a trifling with the real rights of litigants. These considerations should be as potent in a trial court as in an appellate court, and probably more potent, since circumlocution would be sooner saved. In several early cases it is recognized that, on motion for a new trial on a case made, documentary or record evidence would be received to sustain the verdict. (*Hart* v. *Coltrain*, 24 Wend. 14; *Fry* v. *Bennett*, 4 Duer, 651; *Bank of Charleston* v. *Emeric*, 2 Sandf. 718), and no distinction is perceivable where the motion, as here, is on the trial judge's minutes. These notices were instruments required to be *filed* in public offices, and meet the test of what would be receivable documentary evidence or record evidence under the general principle adverted to, which test, as stated in *People* v. *Flack* (*supra*), is that it must be "something which cannot be changed and the credibility of which is not open to attack." They should be produced to the court on this motion either by agreement or process to be examined in the light of whatever considerations counsel shall submit as to sufficiency in form and in law, and if on such examination the notices demonstrate their own sufficiency so that the court must see that on a new trial the necessary result will be fatal to the party which seeks to set aside the verdict, the motion will be denied.