Thompson
v.
Skinner.

After the lapse of 18 years, the court refused to permit a judgment to be entered up on a bond and warrant of attorney, on the usual affidavit, the legal presumption being that the bond was paid.

Executors of Clark *against* Hopkins.

KELLOGG, in behalf of the plaintiffs, moved for leave to enter up judgment on a bond and warrant of attorney, of 18 years standing. They were executed in 1792. He read an affidavit, stating that the bond was duly executed, and still remained due; and that the obligor was living, and that the reason why the judgment was not entered up before, was the insolvency of the obligor.

*Per Curiam.* It would be against all rule to permit a judgment to be entered up on a warrant of attorney, after the lapse of 18 years, on the usual affidavits. It has been decided, (6 *Mod.* 22. 1 *Burr.* 434. 4 *Burr.* 1963. 1 *Str.* 652. 2 *Str.* 826. 1 *Term Rep.* 270, 271. *Cowp.* 109. 214.) that after 18 and 20 years, a bond will be presumed to have been paid. The obligee ought to show a demand of payment, and an acknowledgment of the debt, within that time, to rebut this presumption.

Motion denied.

Thompson *against* Skinner.

After the lapse of 20 years no judicial proceeding can be set aside for irregularity.

CADY moved to set aside the judgment and execution in this cause for irregularity. It appeared that the judgment was entered up and execution issued above 25 years ago. He read an affidavit, stating that the defendant died in the vacation, and before the *teste* of the execution, and that his heirs had ever since been under legal disabilities, either as infants, or *feme coverts.*

*Sudam,* contra.

*Per Curiam.* The motion must be denied. After the lapse of 20 years, no judicial proceeding whatever ought to be set aside for irregularity.

Motion denied.