Jewett, J.
 

 The most material questions made in this case arise on the charge of the judge at the trial, and are — First, whether Judge Daly, who issued the attáchment, under which the defendants justified the taking of the goods, for which the action was brought, acquired jurisdiction to issue it. And secondly, if not, whether the want of jurisdiction appeared on the face of the process. For, if the judge did not acquire jurisdiction to issue the process, and
 
 that
 
 appeared on its face, it furnished *no protection to the defendants, or either of them, for taking the property in question.
 

 The proceedings were attempted to be taken pursuant to the authority conferred by 2 R. S., p. 3, § 1, sub. 1. To confer jurisdiction on the officer to issue the attach
 
 *164
 
 ment under that statute, the application being made by McKinley, the creditor, should have been in writing, and have stated that the applicant resided in this state, that he was a creditor of Rodriguez, who was an inhabitant of this state, that he had a demand against him
 
 personally,
 
 that it arose either upon contract or upon a judgment or decree rendered within this state, specifying which, and setting forth its amount, over and above all discounts, showing that it amounted to $100 or upwards, and that Rodriguez had secretly departed from this state, with intent to defraud his creditors, or to avoid the service of civil process; or, that he kept himself concealed within this state, with the like intent. It should have been verified by the affidavit of McKinley, in which the sum should have been specified in which Rodriguez was indebted to him, over and above all discounts, and the grounds upon which the application was founded; and accompanied by the affidavits of two disinterested witnesses, establishing the grounds upon which the application was made.
 

 The requirements of the statute were so far complied with, as to present the application to Judge Daly in writing, and stating in it that McKinley resided in this state, and the sum which it was claimed was owing to him, but it did not state that the debt or demand was owing from Rodriguez
 
 personally;
 
 or
 
 expressly, how
 
 it arose; whether upon contract, or judgment or decree; it did not state that Rodriguez was an inhabitant of this state, and had secretly departed therefrom, with intent to defraud his creditors, or to avoid the service of civil process, or, that he kept himself concealed therein, with the like intent.
 

 It stated that the demand of the applicant arose “ upon *money receive(l by said Rodriguez for account of deponent,” and in respect to the inhabitancy of Rodriguez being in this state, and his having secretly departed therefrom, with intent to defraud his creditors, or
 
 *165
 
 to avoid tlie service of'civil process, or that he kept himself concealed therein, with the like intent — it merely stated “that Joseph F. Rodriguez,
 
 formerly
 
 residing in the city of New York, but now
 
 absent
 
 therefrom, or concealed therein, is an absconding or concealed debtor, and cannot be foundomitting, as it will be seen, to state, either that he was an
 
 inhabitant
 
 of the state, or that he had
 
 departed from the state, or that he kept himself concealed within the state, with the intent to defraud his creditors, or to avoid the sendee of civil process.
 
 It falls far short of stating the facts, upon the existence of which, and upon being stated and verified as required, the statute authorizes the issuing of an attachment.
 

 As to the verification of the application by the affidavit of the creditor, McKinley, it is as loose and as little in conformity with the requisitions of the statute as the application is supposed to be. It verified the sum of the indebtedness and how it arose, substantially as stated in the application, and affirms that Rodriguez is an absconding or concealed debtor, and although it states that Rodriguez was an inhabitant of this state, it does not affirm that he had.
 
 departed therefrom,
 
 with intent to defraud his creditors, secretly or otherwise, or that he had ‘departed therefrom, to avoid the service of civil process, or that he kept himself concealed within the state, with the like intent. It merely affirms that, since the 14th of January instant, the said Rodriguez had absconded (not departed from the state) or concealed himself, to avoid the service of civil process (not concealed himself
 
 within the state,
 
 with intent to defraud his creditors, or to avoid the service of civil process).
 

 Then, as to the affidavit of the two witnesses required by the statute to verify the facts and circumstances, to establish the grounds on which the application is made. It should *have affirmed that the debtor was an inhabitant of this state, that he had secretly departed therefrom ..with intent to defraud his creditors, or
 
 *166
 
 to avoid the service of civil process, or that he kept himself concealed within this state, with the like intent, as the deponents believed to be true, and then showing the facts and circumstances by which their belief of the existence of the facts testified to was established. Instead of such an affidavit, the one presented to the judge, with the application, affirms that the debtor had left his usual place of business and residence in the city of New York and could not be found in the city (not that he was an inhabitant of the state and had secretly departed therefrom, with intent, &c.).
 

 It would be a violation of every principle applicable to the question of showing facts necessary to confer jurisdiction upon the officer in such cases to issue an attachment, to hold, that the application and affidavits, or either of them, presented to Judge Daly for an attachment against the property of Rodriguez, were sufficient for such purpose. The attachment, therefore, issued by the judge upon the application and affidavit of McKinley was void, for want of stating facts sufficient to bring the case within his jurisdiction.
 

 The next question is, whether the attachment, on its face, shows a want of jurisdiction in Judge Daly to issue it. Instead of reciting, as it should, that McKinley,' the creditor, had made an application in writing to the judge for an attachment against Rodriguez, the debtor, a resident of this state, as an absconding or concealed debtor, setting forth that McKinley was a creditor of Rodriguez and had a demand against him,
 
 personally, arising upon contract, or upon a judgment or decree rendered within this state,
 
 &c., amounting to $100 or upwards, over and above all discounts, and that said Rodriguez, being an inhabitant of this state, had secretly departed therefrom, with intent to defraud his creditors, or to avoid the service of civil process; or, kept himself concealed therein, with the like intent, which application was verified by the affidavit of said McKinley, and the facts and
 
 *167
 
 circumstances *to establish the grounds on which said application was made was also verified by the two witnesses named — the attachment omits to recite that the creditor, McKinley, had any demand against Rodriguez,
 
 personally,
 
 or
 
 how
 
 the demand stated arose; whether upon contract, or upon judgment or decree rendered within this state; it also omits to recite or state that Rodriguez had
 
 secretly,
 
 or otherwise, departed from the state, with intent to defraud his creditors, or to avoid the service of civil process, or, that he kept himself concealed within the state, with the like intent — but merely recites that “ Rodriguez has absconded from the city, or is concealed therein, to avoid the service of civil process.”
 

 The ■ statute confers no authority upon any officer or judge to issue an attachment against the property of a debtor, because he has absconded from the city of his residence, to avoid the service of civil process. Therefore, upon the face of the process, the total want of jurisdiction in Judge Daly to issue it, obviously appears, and, of consequence, it afforded no protection to either of the defendants for their acts under it. The judgment must be reversed, and a new trial granted, with costs to abide the event.
 

 Judgment reversed, and a new trial awarded.