HENRY CHAPMAN, Administrator, and JULIA CHAPMAN, Administratrix, of Moses Chapman, deceased, v. GEORGE M. TIBBITS.

The general guardian of infants has the same power over the property and estate of his wards, as a testamentary guardian; and can receive moneys secured to them by mortgage and discharge the mortgage, before the same becomes due.

THE sum of two hundred dollars was bequeathed to each of the five minor children of George L. Chapman, and the same was loaned to the latter, upon interest. To secure the payment thereof, he executed a bond, with a mortgage, in which his wife joined, upon certain lands in the county of Rensselaer, conditioned to pay the said principal sum of two hundred dollars, with the interest, to each of the said infants as they respectively attained the age of twenty-one years. Afterwards he was duly appointed the general guardian of each of the said infants, by the surrogate of the county of Rensselaer, by letters dated April 28, 1842, and qualified as such. In March, 1847, he, together with his wife, conveyed the mortgaged premises by deed of conveyance, to the defendant in this action, subject to the mortgage. In September, 1847, the defendant, at the request of the guardian, paid him the principal sum mentioned in the mortgage, with the interest to the time of payment, and the latter, as such guardian, executed a certificate of satisfaction in the usual form, and the mortgage was thereupon satisfied and canceled of record. Four of the infants, upon attaining full age, executed an assignment of their interest in the mortgage to

the plaintiffs' intestate, Moses Chapman, who instituted the present action to foreclose the same. He died *pendente lite*, and the plaintiffs were substituted in his place. The foregoing facts were found by the judge at Special Term, and judgment thereon rendered for the defendant. An appeal was taken to the General Term of the third district, where the judgment was affirmed, and hence the appeal to this court.

*R. S. Gurnsey*, for the appellants.

*Beach & Smith*, for the respondent.

BROWN, J. There is no charge of fraud or complicity between the guardian and the defendant in regard to the money collected upon the mortgage. It was originally the guardian's own debt, and he collected it from the defendant before it became due. This was rather an unusual circumstance; but there may have been reasons for it, of which the guardian alone was the judge. He possessed over the estate and property of his wards the same power as a testamentary guardian, which was, to take the custody and management of their personal estate and the profits of their real estate. This custody and management implies the power to collect and receive moneys due to the minors, whether secured by mortgage or otherwise, and to execute discharges and receipts therefor. There are a class of securities, the property of minors, over which the guardian has no such control; and these are, the proceeds of real estate, and moneys the proceeds of real converted into personal estate under the decree and order of the court. Such proceeds are still regarded and treated as real estate, and are not subject to the disposition of the general guardian without the special order of the court for that purpose. The counsel for the plaintiffs has not, I think, sufficiently attended to the distinction between these two classes of securities.

The guardian had a right to collect the money secured by the mortgage, and to cancel the same of record. The judgment should be affirmed.

All the judges concurred in affirming the judgment.