William A. Lewis, Appellant and Respondent, v. Charles. Barton et al., Appellants, Helen F. Barton et al., Respondents.

The usual rule for the construction of pleadings applies as well to an answer of usury as to one setting up any other defense.

An indorser of a promissory note is not estopped from setting up usury as a defense thereto by a certificate or affidavit made by him, to the effect that the note is business paper, given for a full consideration and subject to no defense of usury or otherwise, where it appears that when the note was transfered to the holder, he had knowledge that it, was indorsed for the accommodation of the maker, and had its inception when so transferred.

Although it appears by the opinion of the General Term that a judgment in an action tried by the court was reversed upon the facts; yet if this does not appear in the order of reversal this court is bound to presume that the reversal was upon questions of law only

(Argued May 7, 1887; decided June 7, 1887.)

Appeal on the part of plaintiff from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 31, 1884 (amended by order of January Term, 1885), which affirmed as to all of the defendants, except Charles Barton, a judgment in favor of defendants entered upon a decision of the court on trial at Special Term. Also appeal by said defendant Barton from that portion of the said order which reversed as to him the said judgment of Special Term and granted a new trial.

This action was brought to foreclose a mortgage executed by said defendant Barton and his wife, given to secure the payment of a promissory note made by Briggs Brothers and indorsed by said Barton. The defense was usury.

The material facts are stated in the opinion.

J. E. Roe for plaintiff. Usury is an affirmative defense, and it is not established by bare inference or suspicion. ( Valentine v. Connor, 40 N. Y. 252; Morris v. Talcott, 96 id. 107 ) Barton was estopped from saying that his contract

of indorsement on the note was invalid. (*Mason* v. *Anthony,* 3 Keyes, 609 ; *Erwin* v. *Downs,* 15 N. Y. 575 ; *Morford* v. *Davis,* 28 id. 481, 485.) As every allegation of the answer simply contains a statement more or less in conflict with the complaint, and as the defendants do not even state that they deny such allegations as are not thereafter admitted or modified, they put nothing in issue. (*Thursby* v. *Crawford,* 33 Hun, 366 ; *McEncroe* v. *Decker,* 58 How. 250.) Where a material averment is susceptible of two meanings, the one most unfavorable to the pleader must be taken. (*Clark* v. *Dillon,* 97 N. Y. 373.) The simple allegation in the answers that the note was an accommodation note was not sufficient to show the paper invalid. (*Archer* v. *Shea,* 14 Hun, 493 ; *Hargar* v. *Warrall,* 69 N. Y. 370.)

*George Yeoman* for defendants. The trial court was right in not finding Charles Barton estopped from defending upon the ground of usury. (*Sherwood* v. *Hauser,* 94 N. Y. 626 ; *Baird* v. *Mayor, etc.,* 96 id. 576, 577.) Since it does not appear, except from the opinion, that the court reversed upon the facts, the question here is, was there any evidence sufficient in law to sustain the judgment. (*Kane* v. *Cortesy,* 100 N. Y. 132 ; *Sheldon* v. *Sheldon,* 51 id. 354 · *Weger* v. *Beach,* 79 id. 409.)

ANDREWS, J. We think the answer sets out with sufficient distinctness and accuracy the transaction constituting the alleged usury as proved on the part of the defendants, and that there was no essential variance. It alleges in substance that Briggs & Co., the makers of the note to which the mortgage in question was collateral, applied to the plaintiff for a loan of $5,000 for nine months, and that it was thereupon agreed between them that the plaintiff would loan to Briggs & Co., $3,000 for the time stated, and transfer to them three notes he then held against third parties, amounting in the aggregate to $1,500, upon receiving the note of Briggs & Co. for $5,000, payable in nine months, with interest, and that

the transaction was consummated as proposed between the plaintiff and Briggs & Co., and the note of $5,000 given, indorsed by the defendant Barton and by John T. Briggs for the accommodation of the makers, and that the mortgage sought to be foreclosed was a further security to the plaintiff for the loan. The answer also alleges that the transaction was usurious and in violation of the statute There is some lack of precision and certainty in the averments in the answer, but the plaintiff could not have been misled in respect to the defense intended, or as to the circumstances relied upon to support it. The usual rule for the construction of pleadings applies as well to an answer of usury as to one setting up any other defense. (*Nat. Bk. of Auburn* v. *Lewis*, 75 N. Y. 516.) The claim that there was no sufficient denial in the answer of the averments in the complaint, if well founded, furnishes no ground of error. The defense of usury was not inconsistent with the admission of the averments in the complaint, and as the case turned wholly upon that defense, it is unimportant that the defendants may have admitted what but for the existence of the usury would have constituted a cause of action. On the merits the evidence was conflicting. The plaintiff was sworn as a witness in his own behalf. He admitted that he advanced only $3,000 in money and $1,500 in notes for the note of $5,000 and the mortgage. It was not disputed on the trial that the note of $5,000 had its inception on its transfer to the plaintiff, nor that the defendant Barton was an accommodation indorser for the makers. But the plaintiff testified in substance that he bought the $5,000 note as business paper, believing at the time that it was such, and that he took it in reliance upon the credit of the parties to the paper and the mortgage of Barton, and also upon the certificate of the makers and indorsers of the note and the affidavit of Barton, the mortgagor, executed cotemporaneously with the note, that it was business paper, and was given for a full consideration, and was subject to no defense of "want of consideration, usury or otherwise." On the other hand evidence was given on the part of the defendants, tending to

show that the plaintiff when he took the note and mortgage, had notice that the note was accommodation paper. Upon this ground the learned judge at Special Term held that the certificate and affidavit of Barton constituted no estoppel against his setting up the defense of usury against the mortgage. This was manifestly right upon the basis of the facts which the evidence of the defendants tended to establish. But the General Term, as appears from their opinion, reversed the judgment of the Special Term in favor of the defendant Barton, on the ground that the preponderance of evidence was in favor of the contention of the plaintiff that he took the note supposing it to be business paper, and without notice that Barton was an accomodation indorser, and that, therefore, Barton was estopped by his certificate and affidavit from defeating the mortgage on the ground of usury. But in the posture of the case on the appeal to this court, we cannot regard the reversal below as having been made on the facts, because this does not appear from the order of reversal, and we are bound to presume that the reversal was on questions of law only. On looking at the exceptions we find none upon which the order of reversal can stand. The question of pleading has already been considered. Exceptions were taken to findings of the trial judge that the transaction in its origin was a loan from the plaintiff to Briggs & Co., upon security of the note and mortgage, and that the plaintiff when he took the note and received the certificate and affidavit of Barton, knew his relation to the note, and did not rely upon the truth of the representations contained therein, and various exceptions were taken to the admission and rejection of evidence. There was evidence, we think, to support the findings excepted to, and we can find no exception to the admission or rejection of evidence which presents any material error. Dealing with the case, therefore, as we must, as one involving questions of law only, our conclusion is that the order of the General Term should be reversed, and the judgment of the Special Term affirmed.

All concur.

Order reversed and judgment affirmed.