(113 App. Div. 306)

### FORBES v. REYNARD.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. GUARDIAN AND WARD—COLLECTION OF ASSETS—MORTGAGES—SATISFACTION— DELEGATION OF POWER.

   The guardian of infants, who as such had received an assignment of a mortgage when the same was overdue, executed a power of attorney authorizing the attorney to receive all money due on mortgages and to acknowledge certificates of satisfaction, and such a certificate was executed by the attorney and properly recorded. *Held*, that a vendee's objection to the land on the ground that the guardian could not delegate his powers was untenable.

2. VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—TITLE OF VENDOR— INCUMBRANCES.

   Code Civ. Proc. § 381, in relation to limitations, provides that an action upon a sealed instrument must be brought within 20 years. *Held*, that a vendee's objection to the vendor's title on the ground that a certain mortgage was not properly satisfied of record, was insufficient, where more than 21 years had elapsed after the mortgage became due, and there was no evidence that there had been any payment of either principal or interest during that time, and the vendor gave evidence that the mortgage had in fact been satisfied.

   [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 247.]

3. SAME.

   A vendee's objection to the vendor's title on the ground that a mortgage to a guardian as such had been given on the premises, and that it did not appear that the guardian had ever accounted in court after payment of the mortgage, was untenable as the guardian might have accounted out of court after the ward arrived at majority.

Appeal from Trial Term, New York County.

Suit by George Forbes against Katharine F. Reynard. From a judgment dismissing the complaint (98 N. Y. Supp. 708), plaintiff appeals. Affirmed.

See 93 N. Y. Supp. 1097.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Leon Kronfeld, for appellant.

Thomas F. Keogh, for respondent.

McLAUGHLIN, J. The parties to this action entered into a contract by which the defendant agreed to sell and the plaintiff to purchase certain real estate in the city of New York for $52,000, $1,000 of which was paid at the time the contract was executed, $31,000 agreed to be

paid at the time fixed for the closing of the contract, when title was to pass, and the balance to be paid by the purchaser assuming a mortgage for $20,000 upon the premises. At the time fixed for the closing of the title, August 31, 1904, the plaintiff refused to perform, upon the ground that the premises were not only incumbered by the $20,000 mortgage which he had agreed to assume, but by another mortgage for $14,500, and he subsequently brought this action to recover the $1,000 paid and $500 expenses incurred in searching the title. The answer denied the material allegation of the complaint. At the trial the question litigated simply related to the validity of the $14,500 mortgage. The trial court found that the mortgage had been satisfied and was not a lien upon the premises in question, and dismissed the complaint upon the merits, and plaintiff appeals.

I am of the opinion that the complaint was properly dismissed. There was no dispute as to the facts relating to the alleged mortgage. It was given on the 11th of February, 1876, to secure the payment of $14,500, within five years thereafter, recorded in the proper clerk's office two days later, and on the 19th of March, 1883, assigned by the mortgagee to one Siebert, as the guardian of certain infant children, and the assignment recorded the day following. Siebert, as such guardian, on the 4th of April, 1883, executed a power of attorney to one Oothout, which provided, among other things, that the attorney was authorized to "receive all sums of money * * * now due or hereafter at any time to become due to me as guardian and trustee of said minors, including all principal and interest of any bonds and mortgages, * * * and upon payment of any mortgage * * * to execute and acknowledge sufficient certificate to discharge the same of record." The power of attorney was also recorded, and on the 28th of March, 1889, Oothout, as such attorney, gave a certificate of the satisfaction of the mortgage, which was also recorded. The appellant contends that, inasmuch as the power of attorney attempted to confer powers upon the attorney which the guardian could not delegate, that invalidated the entire instrument.

If it be assumed that the instrument is subject to the criticism that certain powers which the guardian could not delegate were attempted to be given to the attorney, this does not aid the appellant. The guardian not only had the right, but it was his duty, to collect debts due to and enforce claims in favor of his ward (Chapman v. Tibbits, 33 N. Y. 289), and for this purpose he had the power by virtue of his appointment to employ an attorney (Am. & Eng. Enc. of Law [2d Ed.] p. 56). He could employ an attorney to foreclose the mortgage, and such employment would necessarily carry with it the power on the part of the attorney to receive the amount due and satisfy the mortgage if paid before judgment, or, if judgment were taken, to satisfy that, if paid before sale. Here the guardian appointed an attorney to receive the principal of an overdue mortgage, and on receipt of the amount due to give a certificate of satisfaction. This, at most, was but the delegation of a ministerial act, and as such could be delegated by the guardian to the attorney. Gates v. Dudgeon, 173 N. Y. 426, 66 N. E. 116, 93 Am. St. Rep. 608; Myers v. Mutual Life Ins. Co., 99 N. Y. 1, 1 N. E. 33; Perry on Trusts, § 409. On the other hand, the mortgagor (the mort-

gage being past due) had a right to pay it, and, if he did so to a person authorized to receive payment, he thereupon became entitled, as a matter of right, to have the mortgage satisfied, and there was no obligation resting upon him to see that a proper application was made of the money.

In addition to what has already been stated, there was no proof that the mortgage, if not satisfied of record, was a lien upon the premises at the time fixed for the closing of the title; on the contrary, it appeared from plaintiff's proof that the debt, to secure payment of which the mortgage was given, became due and payable more than 20 years prior to the time fixed for closing the title. The mortgage was given February 11, 1878, to secure the payment of $14,500 within five years thereafter, or February 11, 1883. The time fixed for closing the title was August 31, 1904, more than 21 years after the mortgage became due. There was, therefore, a presumption, the debt having been more than 20 years past due, that it had been paid; and this was sufficient, in the absence of any other evidence bearing on the subject, to show that the mortgage had ceased to be a lien on the real estate. It was a rule of the common law that the payment of a bond or other specialty would be presumed after the lapse of 20 years from the time when it became due, in the absence of evidence explaining the delay, and this rule has frequently been applied in this state. Clark's Ex'rs v. Hopkins, 7 Johns. (N. Y.) 536; Jackson v. Pratt, 10 Johns. (N. Y.) 381; Bean v. Tonnele, 94 N. Y. 381, 46 Am. Rep. 153; Rosenstock v. Dessar, 109 App. Div. 10, 95 N. Y. Supp. 1064. The debt, to secure payment of which the mortgage was given, as already indicated, was more than 20 years past due, and an action could not, therefore, have been maintained either upon the bond accompanying the mortgage or to foreclose the mortgage itself (Code Civ. Proc. § 381), unless within that time there had been a payment of either principal or interest. Plaintiff gave no proof of such payment. On the contrary, the only evidence bearing on the subject is that given by the defendant that the mortgage had been in fact satisfied. Under such circumstances the mortgage did not constitute a valid objection to the title. Belmont v. O'Brien, 12 N. Y. 394; Martin v. Stoddard, 127 N. Y. 61, 27 N. E. 285; Katz v. Kaiser, 10 App. Div. 137, 41 N. Y. Supp. 776, affirmed 154 N. Y. 294, 48 N. E. 532; Knapp v. Crane, 14 App. Div. 120, 43 N. Y. Supp. 513; Paget v. Melcher, 42 App. Div. 76, 58 N. Y. Supp. 913.

The fact that the guardian has, so far as the record shows, not accounted in court, is of no importance. A guardian is not absolutely bound to account in court for the property of his ward. He may account out of court when the ward arrives at the age of 21 years, and if such accounting be fairly and honestly made, and no advantage taken of the ward, a release given by him to the guardian is just as effective as a decree entered in court. Matter of Wagner's Estate, 119 N. Y. 28, 23 N. E. 200; Matter of Pruyn, 141 N. Y. 544, 36 N. E. 595.

The judgment appealed from, therefore, should be affirmed, with costs. All concur.