(59 Misc. Rep. 99.)

## HASBROUCK v. KNOBLAUCH et al.

(Supreme Court, Special Term, New York County.　April, 1908.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE.

Testator devised his entire estate to his wife for life, with absolute power of disposal of the income and so much of the principal as she might think necessary for her support. *Held* not an absolute gift in fee simple.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1335–1339, 1418–1430.]

2. SAME—DEVISE IN TRUST.

Testator devised his estate to his wife for life, the remainder to his executors in trust to invest a certain part thereof, the income to be paid testator's daughter for life, and on her death without issue the principal to be paid to a college, to be invested in one fund, known as the "B. Fund," and the income to be applied as the trustees of the college might deem the best. *Held* not to create a trust, and a suggestion that the gift should be kept in a fund known as the "B. Fund" did not qualify the absolute gift.

3. SAME—BEQUEST IN CHARITY.

Where testator devised his estate to his wife for life, the income to be hers absolutely, with a right in her to use as much of the principal as might be necessary for her support, the portion of the principal which might be applied to her support being uncertain, and the remainder being held in trust for her daughter, with a devise over to a college on the daughter's death, the court could not determine what portion of the estate would go to the college so as to determine the amount beyond which it could not take the bequest, but on the termination of the trust the excess would be treated as undisposed property and distributed accordingly.

Action by Louis B. Hasbrouck against May Aletta Knoblauch and others to construe a will. Judgment rendered.

John H. Judge, for plaintiff.
Kellogg & Rose, for defendant Rutgers College.
B. W. B. Brown, for defendant Bookstaver.
Noel, Rembaugh & Barber, for defendant Knoblauch.

O'GORMAN, J.　The testator, Henry W. Bookstaver, died on September 21, 1907, survived by his widow, aged 72, and a daughter the defendant Mary A. Knoblauch, aged 32, who is married, but without issue. The estate of the testator amounted to about $100,000, and by paragraph 2 of his will he devised his entire estate to his widow—

"for her use and behoof during her natural life, she to have absolute control and disposal of all the income to be derived therefrom and so much of the principal as she may deem necessary for her comfortable sustenance and support."

Upon the decease of testator's widow the estate remaining was devised by paragraph 3 of the will to his executors in trust, to convert the same into money and out of the proceeds to set apart and invest the sum of $50,000—

"the income of which they are to pay semiannually to my daughter May Aletta Bookstaver, during her lifetime, and after her death the principal to give to her lawful issue,. should there be any, share and share alike. If my said daughter should die without lawful issue her surviving, then I direct that the said sum of $50,000 be paid to the trustees of Rutgers College, in the state of New Jersey."

The fourth paragraph of the will is as follows:

"All the rest, residue and remainder of my estate, real and personal, I direct my said executors, as soon as converted.into money, to pay to the said trustees of Rutgers College, in the state of New Jersey, which sum, together with the $50,000 aforesaid, should the same come to said trustees under the provisions of the third clause of this will, to be held in one fund to be known as the 'Bookstaver Fund,' the principal thereof to be invested and reinvested as occasion may require, and the income derived therefrom to be used for such purposes as the trustees may deem for the best interests of said college."

By the sixth paragraph of his will the testator gave his executors—

"power to sell any and all of my real estate at any time after the death of my said wife, or with her consent during her lifetime, and to give full, absolute and unconditional conveyances therefor."

It is claimed on behalf of the defendants, the widow and daughter of the testator, that under paragraph 2 of the will the widow is seised of an estate in fee, that the trusts over in favor of the daughter and Rutgers College are void for repugnancy, and that the trusts in favor of Rutgers College violate the rule against perpetuities and also violate chapter 360, p. 607, of the Laws of 1860, which prohibits a testator having a wife or child from leaving to charitable or educational institutions more than one-half part of his estate after payment of debts.

The defendants' first contention is without merit. The will explicitly restricts the widow's enjoyment of the estate "for her use and behoof during her natural life." She has absolute control and disposal only of the income "and so much of the principal as she may deem necessary for her comfortable sustenance and support." These provisions constitute in no sense .an absolute gift in fee simple. On the contrary, they are in direct antagonism to such a claim, and the rule that, where an absolute power of disposal is given to the first legatee, a remainder over is void for repugnancy has no application. The use of the corpus of the estate is confined to a special purpose, namely, the widow's "comfortable sustenance and support," and if not required for that purpose the widow has no power to appropriate it to any other. Smith v. Van Ostrand, 64 N. Y. 278; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467. A life estate expressly created will not be converted into a fee by inference or implication, or any language which falls short of a positive direction. 30 Am. & Eng. Encyc. of Law, 750.

The rule against perpetuities is not offended by the bequest to Rutgers College. No trust was attempted to be created in that connection, and the references to the college in paragraphs 3 and 4 clearly im-

port an absolute gift of the corpus. In paragraph 3 it is expressly declared without qualification that in the event of the testator's daughter dying without issue the $50,000 set apart for her use in her life shall be paid to Rutgers College. After providing for the widow's life estate and the setting aside of the fund for the benefit of his daughter during her life, the testator, in the fourth clause of his will, directed his executors "to pay to the said trustees of Rutgers College, in the state of New Jersey," the remainder of his estate. The suggestion in this clause of the will that the gifts to Rutgers College shall be known as the "Bookstaver Fund," and that the principal be invested and the income applied as the trustees of the college may deem best, was apparently not intended, and should not be permitted, to limit or qualify the absolute gift. Such a request or suggestion cannot be construed as raising a trust, and when the words of request are not operative as a trust the legatee takes unconditionally. Manice v. Manice, 43 N. Y. 303, 387, 388; Farmers' Loan v. Shaw, 56 Misc. Rep. 206, 107 N. Y. Supp. 337. The college, under its charter and the laws of New Jersey, has capacity to take gifts of real and personal property, and to hold the same in trust for the use of the institution, and such an institution may acquire property by bequest from a citizen of this state. Chamberlain v. Chamberlain, 43 N. Y. 424.

While the bequest to the college falls within chapter 360, p. 607, of the Laws of 1860 (Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305; Chamberlain v. Chamberlain, supra; Hollis v. Drew Seminary, 95 N. Y. 166; Matter of Teed, 59 Hun, 63, 12 N. Y. Supp 642) it is not asserted, however, that the share intended for the college under the primary division of the estate will exceed one-half of the testator's estate and only in the uncertain event of the testator's daughter dying without issue is it possible for the gifts to the college to exceed 50 per cent. of the estate. The portion of the corpus which may be applied to the widow's support during her lifetime, in addition to the income, is quite uncertain, and until her death and the decease of her daughter it will be impossible to ascertain what portion of the estate, if any, will ultimately go to the college. If the bequests to the college should exceed one-half of the estate as of the death of the testator, or the equivalent at the death of the life tenants, the excess will necessarily be treated as undisposed of property and be distributed accordingly. The impossibility of determining at this time the value of the gift to the college appears to be recognized by the defendants; but it is claimed, nevertheless that the computation should now be made fixing the amount beyond which. the college will not be permitted to take. The court, however, can perceive no reason for doing so at this time. The excess, subject to the life provisions, would not necessarily go to the widow and daughter as next of kin and heirs at law. The $50,000 fund held for the benefit of the daughter during life is to go to her children, if any, who survive her. Although there has been no issue of her marriage, it cannot be assumed that she will not be survived by children. The uncertainty of that event and the conceded impossibility of now ascertaining the precise value of the gift to Rutgers College make the desired computation quite impracticable, as well as wholly unnecessary, and

under the circumstances it should not be undertaken. Rich v. Tiffany, 2 App. Div. 28, 37 N. Y. Supp. 330. As stated above, the widow's control of the estate is expressly limited to the income and so much of the corpus as may be reasonably necessary for her support, and it is apparent that the testator intended that the executors named in the will should act as co-trustees of all the property with the widow during her lifetime. Ward v. Ward, 105 N. Y. 73, 11 N. E. 373; Matter of McDougall, 141 N. Y. 21, 35 N. E. 961.

It follows that all the objections are overruled, and there should be judgment accordingly.