(80 Misc. Rep. 412.)

## DWYER v. CORRUGATED PAPER PRODUCTS CO.

(Supreme Court, Appellate Term, First Department. April 21, 1913.)

1. STATUTES (§ 279*)—PLEADING—REPEALED LAW.

An answer, in an action by an infant, by his guardian ad litem, to recover damages for personal injuries, setting up as a separate defense that for a valuable consideration the infant had released the claim in suit, pursuant to chapter 175 of the Laws of 1893, repealed, but in substance codified as Domestic Relations Law (Consol. Laws 1909, c. 14) § 81, was not avoided because the statute referred to therein had been codified without material change into a later general law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 378; Dec. Dig. § 279.*]

2. GUARDIAN AND WARD (§ 33*)—POWERS OF GUARDIAN—COMPROMISE OF CLAIMS.

At common law, a testamentary or general guardian has power to settle and compromise claims on behalf of his ward.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 36, 37; Dec. Dig. § 33.*]

3. PLEADING (§§ 192, 367*)—MOTION TO STRIKE—DEMURRER.

A demurrer is not a substitute for the remedy by motion to make a pleading more definite and certain.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 408–427, 1173–1193; Dec. Dig. §§ 192, 367.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. PLEADING (§ 18*)—SUFFICIENCY—WANT OF PRECISION AND CERTAINTY.**

In view of Code Civ. Proc. § 519, providing that a pleading shall be liberally construed, lack of precision and certainty is no ground for holding it insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 39, 64; Dec. Dig. § 18.*]

**5. PLEADING (§ 34*)—CONSTRUCTION—AGAINST PLAINTIFF.**

Plaintiff's failure to move to make an answer more definite and certain results in its being construed most strongly against himself.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

Appeal from City Court of New York, Special Term.

Action by Thomas Dwyer, an infant, by Mary Louise McGiff, guardian ad litem, against the Corrugated Paper Products Company. From an order of the City Court of the City of New York sustaining a demurrer to a separate defense, the defendant appeals. Reversed, and demurrer overruled.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Edward J. Walsh, of New York City, for appellant.

Abraham Rickman, for respondent.

GUY, J.   Plaintiff, an infant, sues to recover damages for personal injuries. The action was commenced on November 8, 1912.

[1] The answer pleaded as a separate defense that on September 9, 1912, the infant, through his mother and guardian, pursuant to chapter 175 of the Laws of 1893, for a valuable consideration, executed and delivered a release of the claim in suit. Chapter 175, Laws of 1893, is repealed by the Domestic Relations Law (Consol. Laws 1909, c. 14); but its substance is now codified in section 81 of the Domestic Relations Law. Both chapter 175, Laws 1893, and section 81 of the Domestic Relations Law relate, among other things, to testamentary guardians. A plea is not avoided because a statute referred to therein is codified, without material change, into a later general law.

[2] At common law a testamentary or general guardian has power to settle and compromise claims on behalf of his ward. Chapman v. Tibbits, 33 N. Y. 289–290; Torry v. Black, 58 N. Y. 185, 189, 190; Clare v. Mutual Life Ins. Co., 201 N. Y. 492, 497, 498, 94 N. E. 1075, 35 L. R. A. (N. S.) 1123; 21 Cyc. 74; 14 Am. & Eng. Ency. of Law (2d Ed.) 55.

[3] The respondent's brief suggests that the guardian who executed the release was only a natural guardian, and as such would have no power to release his ward's claim without the sanction of some tribunal. Naeglin v. De Cordoba, 171 U. S. 638, 641, 19 Sup. Ct. 35, 43 L. Ed. 315. The answer does not so allege, and, if such is the fact, plaintiff's remedy was a motion to make the plea more definite and certain. A demurrer is not a substitute for a motion to make more definite and certain.

[4, 5] The allegations of a pleading must be liberally construed (Code, § 519), and lack of precision and certainty in a plea is no ground for holding it insufficient. Lewis v. Barton, 106 N. Y. 70, 72, 12 N.

E. 437. Failure to move to make an answer more definite and certain results in its being construed most strongly as against plaintiff. Electrical Accessories Co. v. Mittenthal, 194 N. Y. 473, 477, 87 N. E. 684.

Order reversed, with $10 costs and disbursements, and demurrer overruled, with $10 costs. All concur.